# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *and* <br><br> ANIMAL WELFARE INSTITUTE, <br><br>           Plaintiffs, <br><br>   v. <br><br> GINA RAIMONDO, *in her official capacity as Secretary of Commerce,* <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> JANET COIT, *in her official capacity as Assistant Administrator of the National Marine Fisheries Service,* <br><br> NATIONAL MARINE FISHERIES SERVICE, <br><br> JANET YELLEN, *in her official capacity as Secretary of the Treasury,* <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security,* <br><br> *and* <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY. <br><br>           Defendants. | Civil Action No. 1:24-cv-00148 <br><br><br> **STIPULATION OF DISMISSAL** |

**STIPULATION OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41, plaintiffs Natural Resources Defense Council, Center for Biological Diversity, and Animal Welfare Institute (collectively, "Plaintiffs") and defendants the Secretary of Commerce, the United States Department of Commerce, the Assistant Administrator of the National Marine Fisheries Service, the National Marine Fisheries Service, the Secretary of the Treasury, the United States Department of the Treasury, Secretary of Homeland Security, and the United States Department of Homeland Security (collectively, "Defendants" or the "United States") (all of the foregoing are collectively referred to as the "Parties") hereby stipulate that the above-captioned matter be dismissed with prejudice, waiving all rights of appeal, and with each Party to bear its own attorney fees and costs, except as provided by the Parties' Stipulated Settlement Agreement, and with any claim for money damages arising out of such Agreement to be brought in a court of competent jurisdiction.

Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the non-monetary terms of the Parties' Stipulated Settlement Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: January 16, 2025

Respectfully submitted,

*/s/ Christina Marshall*
Christina S. Marshall
cmarshall@andersonkreiger.com
Mina S. Makarious
mina@andersonkreiger.com
Sean M. Grammel
sgrammel@andersonkreiger.com
Marissa C. Grenon Gutierrez
mgrenongutierrez@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Counsel for Natural Resources Defense Council, Center for Biological Diversity and Animal Welfare Institute*

*/s/ Sarah Uhlemann*
Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
(206) 327-2344
suhlemann@biologicaldiversity.org

*Counsel for Center for Biological Diversity and Animal Welfare Institute*

*/s/ S. Zak Smith*
Stephen Zak Smith
Natural Resources Defense Council
544 East Main Street Unit B
Bozeman, MT 59715
(406) 556-9300
zsmith@nrdc.org

*Counsel for Natural Resources Defense Council*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

<u>/s/ Claudia Burke</u>
CLAUDIA BURKE
Deputy Director

<u>/s/ Agatha Koprowski</u>
AGATHA KOPROWSKI
Trial Attorney
STEPHEN C. TOSINI
Senior Trial Counsel
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 507-6081
Email: agatha.koprowski@usdoj.gov

*Attorneys for Defendants*

## Certificate of Service

    I hereby certify under penalty of perjury that on this 16th day of January 2025, a copy of the foregoing document was filed electronically.  Service upon Defendants' counsel was thus effected by operation of the Court's CM/ECF system.

                              */s/ Sean Grammel*
                              Sean M. Grammel

# ATTACHMENT A

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GINA RAIMONDO, *et al.*, <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:24-cv-00148 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Natural Resources Defense Council ("NRDC"), Center for Biological Diversity (the "Center"), and Animal Welfare Institute ("AWI," and with NRDC and the Center collectively, "Plaintiffs"); and Gina Raimondo in her official capacity as Secretary of Commerce, the United States Department of Commerce ("Commerce"), Janet Coit in her official capacity as Assistant Administrator of the National Marine Fisheries Service, the National Marine Fisheries Service ("NMFS"), Janet Yellen, in her official capacity as Secretary of the Treasury, the United States Department of the Treasury ("Treasury"), Alejandro Mayorkas in his official capacity as Secretary of Homeland Security, and the United States Department of Homeland Security ("Homeland Security" and collectively, "Defendants" or the "United States") (all of the foregoing are collectively referred to as the "Parties"), by and through their undersigned counsel, on this 15th day of January, 2025.

WHEREAS, on August 8, 2024, Plaintiffs filed a Complaint in the United States Court of International Trade, Case No. 1:24-cv-00148, seeking declaratory and injunctive relief against the Defendants (the "Litigation");

WHEREAS, in the Litigation, Plaintiffs allege that the United States failed to act as required by the Marine Mammal Protection Act, 16 U.S.C. § 1631 *et seq.* ("MMPA") and failed to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* ("APA"). *See* Complaint (Dkt. No. 1);

WHEREAS, the MMPA requires the Defendants to ban the importation of fish and fish products[1] from foreign commercial fisheries that do not meet U.S. standards. 16 U.S.C. § 1371(a)(2). Pursuant to 16 U.S.C. § 1382, the Secretary of Commerce has promulgated regulations to carry out the purpose of this import ban. The regulations require Commerce, acting through NMFS, to issue comparability findings for all foreign fisheries that export fish and fish products to the United States, consistent with the U.S. standards determination contemplated by § 1371(a)(2). 50 C.F.R. § 216.24(h); 81 Fed. Reg. 54,390, 54,405 (Aug. 15, 2016) ("Final Import Rule"). Pursuant to these regulations, such import bans do not apply during an exemption period that ends on December 31, 2025. 50 C.F.R. § 216.3. Plaintiffs allege the failure to implement bans of the fish and fish products described at 16 U.S.C. § 1371(a)(2) and § 1372(c)(3) constitute agency action unlawfully withheld or unreasonably delayed in violation of the APA and the MMPA. Plaintiffs further allege that the United States

---

[1] Unless otherwise indicated, the Parties adopt and use the definitions from 50 C.F.R. § 216.3 for terms used in this Agreement.

promulgated, without proper notice and comment, an extension of this exemption period. 88 Fed. Reg. 80,193 (Nov. 17, 2023); and

WHEREAS, the Parties subsequently entered into negotiations designed to amicably resolve Plaintiffs' claims. The Parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement resolving the Litigation;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties mutually agree as follows:

1. <u>Implementation of the MMPA's Final Import Rule</u>. The United States agrees to implement the Final Import Rule in accordance with the following schedule:

   a. Pursuant to 50 C.F.R. § 216.24(h)(8)(iii)(A)(1), on December 16, 2024, NMFS issued notifications to (i) all harvesting nations that did not submit an application for a comparability finding, and (ii) all harvesting nations that the Secretary of Commerce, acting through NMFS, has already preliminarily determined will be denied a comparability finding for all of their fisheries and pursuant to 50 C.F.R. § 216.24(h)(8)(iii)(A)(2), provided each such harvesting nation an opportunity to submit reliable information to refute the preliminary denial on or before March 1, 2025 ("**Phase 1**");

   b. Pursuant to 50 C.F.R. § 216.24(h)(8)(iii)(A)(1), on or before January 15, 2025, NMFS will issue notifications to all harvesting nations that NMFS has preliminarily determined will be denied a comparability finding for one or more of their fisheries, and pursuant to 50 C.F.R. § 216.24(h)(8)(iii)(A)(2), will provide each such harvesting nation an opportunity to submit reliable information to refute the preliminary denial on or before April 1, 2025 ("**Phase 2**");

   c. Pursuant to 50 C.F.R. § 216.24(h)(8)(i), on or before September 1, 2025, NMFS will issue final comparability findings for all harvesting nations and submit such findings to the Federal Register for publication ("**Phase 3**");

   d. Pursuant to 50 C.F.R. § 216.24(h)(9), on January 1, 2026, NMFS, in cooperation with the Secretaries of Treasury and Homeland Security,

3

shall identify and prohibit the importation of fish and fish products into the United States from all harvesting nations or fisheries for which NMFS has denied a comparability finding ("**Phase 4**"); and

e. NMFS will publish on a publicly-available website a copy of its final document(s) reflecting the agency's rationale for its final comparability findings for each harvesting nation and each fishery within five business days of the publication of the final comparability findings in the Federal Register.

2. <u>Attestations of Compliance</u>.  Defendants will confirm to Plaintiffs NMFS's performance of each of Phase 2 and Phase 3 within five business days of performance by providing an attestation of compliance, the content of which will substantially conform to the sample attestation included at Annex 1.

3. <u>Discretionary Review of Comparability Findings</u>.  For avoidance of doubt, NMFS may reconsider a comparability finding in accordance with 50 C.F.R. § 216.24(h)(8)(vii), or comply with a court order enjoining the enforcement of a comparability finding, notwithstanding the obligations provided in this Agreement.

4. <u>Covenant Not to Sue</u>.  Plaintiffs agree that:

   a. Prior to January 1, 2026, Plaintiffs will not initiate any litigation challenging an individual comparability finding issued in Phase 3;

   b. Prior to January 1, 2026, Plaintiffs will not expressly encourage or intentionally provide financial or other material support to any other person for the purpose of supporting that person's pursuit or intended pursuit of litigation challenging any comparability finding issued in Phase 3, including advising on litigation strategy or providing information for the purpose of supporting such litigation against the United States, *provided that* nothing in this Paragraph 4 will preclude Plaintiffs from communicating with each other or with outside counsel for the purpose of initiating litigation on or after January 1, 2026; and

   c. Plaintiffs release, waive, and abandon all claims against the United States, its political subdivisions, and its officers, agents, and employees, alleged in the Litigation.  This settlement embodies the entirety of the Parties' commitments in the Litigation and fully satisfies any and all

claims, demands, rights, and causes of action in connection with the Litigation.  For the avoidance of doubt, Plaintiffs do not release any claims concerning comparability findings issued in Phase 3 or otherwise by the United States, or any claims alleging future noncompliance with the Final Import Rule or future noncompliance with the import provisions contained in the MMPA.

5. <u>Attorney's Fees</u>.  Within 30 days of the full execution of this Agreement, Defendants shall pay Plaintiffs $75,000.00 in full and complete satisfaction of any and all claims, demands, rights, and causes of action for attorney fees and litigation costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and/or any other statute and/or common law theory, or with respect to any administrative proceeding involving the implementation of the regulations related to the import provision of the Marine Mammal Protection Act, 16 U.S.C. § 1371(a)(2) and 50 C.F.R. § 216.24(h), through and including the date of this agreement, incurred in connection with the claims in the above-captioned litigation.

    a. Contemporaneously with the full execution of this Agreement, Plaintiffs shall provide the information necessary for the United States to process the electronic funds transfer to effect the payment contemplated at Paragraph 5, including the payee's bank account number, account type, bank routing number, transit number, and tax identification number. Payment shall be accomplished by electronic funds transfer to the Center.

6. The offer to settle the case pursuant to the terms of this agreement has been accepted on behalf of the Attorney General.

7. <u>Dismissal</u>.  Within seven days of the full execution of this Agreement, all Plaintiffs shall join with Defendants in stipulating to the dismissal of this action with prejudice, with each Party to bear its own attorney fees and costs except as provided by this Agreement, with the Court to retain jurisdiction to oversee compliance with the non-monetary terms of this Agreement and to resolve any motions to modify such terms, *see Kokkonen v. Guardian Life Ins.*

5

*Co. of Am.*, 511 U.S. 375 (1994), and with any claim for money damages arising out of this Agreement to be brought in a court of competent jurisdiction. A copy of the Stipulation of Dismissal is included as Annex 2.

8.  <u>Obligation to Meet and Confer</u>. Prior to seeking the Court enforcement of compliance with any of the terms of this Agreement, the Parties shall first meet and confer in an attempt to resolve any disagreements without Court intervention. If no mutually agreeable solution can be reached within 30 calendar days of a Party's initial request to meet and confer, the Parties may seek appropriate relief from the Court.

9.  This Agreement is in no way related to or concerned with income or other taxes for which any of the Plaintiffs is now liable or may become liable in the future as a result of this Agreement.

10. Plaintiffs warrant and represent that they have not brought any other action or suit with respect to the claims advanced in the Litigation, including but not limited to the claims for attorney fees, litigation costs, and other costs, pending or planning to be filed in or submitted to any other court, administrative agency, or legislative body. Each of the Plaintiffs further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in the Litigation.

11. This Agreement is for the purpose of settling this case, and for no other purpose. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Accordingly, this Agreement shall not bind the Parties in any proceedings, whether

judicial or administrative in nature, in which the Parties or counsel for the Parties have or may acquire an interest, except as is necessary to effect the terms of this Agreement.

  12. <u>Integration</u>. This Agreement constitutes a complete integration of the settlement between the Parties with respect to the Litigation and supersedes any and all prior oral or written representations, understandings, or agreements among or between them.

  13. <u>Authorization</u>. Each of the undersigned representative of the Parties certifies that he or she is fully authorized by the Party to enter into this Agreement and to bind such Party to comply with the terms and conditions herein.

By: <u>/s/ Marissa Grenon Gutierrez</u>    Dated: January 15, 2025
   Christina S. Marshall
   cmarshall@andersonkreiger.com
   Mina S. Makarious
   mina@andersonkreiger.com
   Sean M. Grammel
   sgrammel@andersonkreiger.com
   Marissa C. Grenon Gutierrez
   mgrenongutierrez@andersonkreiger.com
   ANDERSON & KREIGER LLP
   50 Milk, 21st Floor
   Boston, MA 02109
   Telephone: 617-621-6500
   Fax: 617-621-6660

   *Counsel for Natural Resources Defense Council, Center for Biological Diversity and Animal Welfare Institute*

By: <u>/s/ Sarah Uhlemann</u>    Dated: January 15, 2025
   Sarah Uhlemann
   Center for Biological Diversity
   120 State Avenue NE #268
   Olympia, WA 98501
   (206) 327-2344
   suhlemann@biologicaldiversity.org

   *Counsel for Center for Biological Diversity and Animal Welfare Institute*

By:    _/s/ Zak Smith_                                            Dated: January 15, 2025
        Stephen Zak Smith
        Natural Resources Defense Council
        544 East Main Street Unit B
        Bozeman, MT 59715
        (406) 556-9300
        zsmith@nrdc.org

        *Counsel for Natural Resources Defense Council*

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        PATRICIA M. MCCARTHY
        Director

By:    _/s/ Claudia Burke_                                   Dated: January 15, 2025
        CLAUDIA BURKE
        Deputy Director
        (authorized representative of the Attorney General)

By:    _/s/Agatha Koprowski_                              Dated: January 15, 2025
        AGATHA KOPROWSKI
        Trial Attorney
        STEPHEN C. TOSINI
        Senior Trial Counsel
        U.S. Department of Justice
        Civil Division
        P.O. Box 480, Ben Franklin Station Washington, D.C. 20044
        Tel: (202) 507-6081
        Email: agatha.koprowski@usdoj.gov

        *Attorneys for Defendants*

**Annex 1**

[On letterhead]

[Date]

**BY EMAIL**
Christina S. Marshall
Sean M. Grammel
Marissa C. Grenon Gutierrez
ANDERSON & KREIGER LLP
50 Milk St, 21st Floor
Boston, MA 02109
cmarshall@andersonkreiger.com
mina@andersonkreiger.com
sgrammel@andersonkreiger.com
mgrenongutierrez@andersonkreiger.com

Dear counsel:

By this correspondence, the United States confirms that is has met its obligation under Phase 2 of the settlement agreement in *Natural Resources Defense Council v. Raimondo*, Ct. Int'l Trade No. 24-148 ("Agreement"), by issuing preliminary certification determinations to the nations identified in the relevant paragraph of the Agreement on January 15, 2025.

Sincerely,
[Department of Justice or NMFS]

Cc:
Sarah Uhlemann
Center for Biological Diversity
suhlemann@biologicaldiversity.org

Zak Smith
Natural Resources Defense Council
zsmith@nrdc.org

**Annex 2**
## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *and* <br><br> ANIMAL WELFARE INSTITUTE, <br><br>                Plaintiffs, <br><br>     v. <br><br> GINA RAIMONDO, *in her official capacity as Secretary of Commerce,* <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> JANET COIT, *in her official capacity as Assistant Administrator of the National Marine Fisheries Service,* <br><br> NATIONAL MARINE FISHERIES SERVICE, <br><br> JANET YELLEN, *in her official capacity as Secretary of the Treasury,* <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security,* <br><br> *and* <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY. <br><br>                Defendants. | Civil Action No. 1:24-cv-00148 <br><br><br> **STIPULATION OF DISMISSAL** |

1

**STIPULATION OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41, plaintiffs Natural Resources Defense Council, Center for Biological Diversity, and Animal Welfare Institute (collectively, "Plaintiffs") and defendants the Secretary of Commerce, the United States Department of Commerce, the Assistant Administrator of the National Marine Fisheries Service, the National Marine Fisheries Service, the Secretary of the Treasury, the United States Department of the Treasury, Secretary of Homeland Security, and the United States Department of Homeland Security (collectively, "Defendants" or the "United States") (all of the foregoing are collectively referred to as the "Parties") hereby stipulate that the above-captioned matter be dismissed with prejudice, waiving all rights of appeal, and with each Party to bear its own attorney fees and costs, except as provided by the Parties' Stipulated Settlement Agreement, and with any claim for money damages arising out of such Agreement to be brought in a court of competent jurisdiction.

Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the non-monetary terms of the Parties' Stipulated Settlement Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: _____, 2025  Respectfully submitted,

Christina S. Marshall
cmarshall@andersonkreiger.com
Mina S. Makarious
mina@andersonkreiger.com
Sean M. Grammel
sgrammel@andersonkreiger.com
Marissa C. Grenon Gutierrez
mgrenongutierrez@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Counsel for Natural Resources Defense Council, Center for Biological Diversity and Animal Welfare Institute*

Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
(206) 327-2344
suhlemann@biologicaldiversity.org

*Counsel for Center for Biological Diversity and Animal Welfare Institute*

Stephen Zak Smith
Natural Resources Defense Council
544 East Main Street Unit B
Bozeman, MT 59715
(406) 556-9300
zsmith@nrdc.org

*Counsel for Natural Resources Defense Council*

3

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

_____
CLAUDIA BURKE
Deputy Director

_____
AGATHA KOPROWSKI
Trial Attorney
STEPHEN C. TOSINI
Senior Trial Counsel
U.S. Department of Justice
Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 507-6081
Email: agatha.koprowski@usdoj.gov

*Attorneys for Defendants*

4