## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> CENTER FOR BIOLOGICAL DIVERSITY, <br><br> *and* <br><br> ANIMAL WELFARE INSTITUTE, <br><br>     Plaintiffs, <br><br>  v. <br><br> GINA RAIMONDO, *in her official capacity as Secretary of Commerce*, <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> JANET COIT, *in her official capacity as Assistant Administrator of the National Marine Fisheries Service*, <br><br> NATIONAL MARINE FISHERIES SERVICE, <br><br> JANET YELLEN, *in her official capacity as Secretary of the Treasury*, <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> ALEJANDRO MAYORKAS, *in his official capacity as Secretary of Homeland Security*, <br><br> *and* <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY. <br><br>     Defendants. | Civil Action No. 1:24-cv-00148 <br><br><br> **CORRECTED STIPULATION OF DISMISSAL** |

1

## **STIPULATED ORDER OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41, plaintiffs Natural Resources Defense Council, Center for Biological Diversity, and Animal Welfare Institute (collectively, "Plaintiffs") and defendants the Secretary of Commerce, the United States Department of Commerce, the Assistant Administrator of the National Marine Fisheries Service, the National Marine Fisheries Service, the Secretary of the Treasury, the United States Department of the Treasury, Secretary of Homeland Security, and the United States Department of Homeland Security (collectively, "Defendants" or the "United States") (all of the foregoing are collectively referred to as the "Parties") hereby stipulate that the above-captioned matter be dismissed with prejudice, waiving all rights of appeal, and with each Party to bear its own attorney fees and costs, except as provided by the Parties' Stipulated Settlement Agreement, and with any claim for money damages arising out of such Agreement to be brought in a court of competent jurisdiction.

Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the non-monetary terms of the Parties' Stipulated Settlement Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

The non-monetary terms and conditions of the Parties' Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court and this case is DISMISSED with prejudice.

SO ORDERED this 25th day of March, 2025.

/s/     Gary S. Katzmann
JUDGE