IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNSEL, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Court No. 1:24-cv-00148 |
| HOWARD LUTNICK, et al., | ) ) ) |
| Defendants, | ) ) |

**DEFENDANTS' PRELIMINARY RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED TREATMENT AND LEAVE TO FILE A REPLY**

On December 12, 2025, Plaintiffs filed a Motion to Enforce Settlement Agreement, ECF No. 40 (Motion). Defendants file this preliminary response solely to address two subsidiary requests in the Motion. Defendants explicitly reserve the right to respond to the substantive arguments presented in the Motion within the time permitted under this Court's Rules (USCIT R.).

In passing references at the end of their Motion, Plaintiffs request that the Court "expedite its consideration" of their Motion and "request the right" to serve a reply within 21 days of the Government's response. The purported basis for Plaintiffs' request for expedited treatment is the January 1, 2026, expiration of the exemption period under the Marine Mammal Protection Act Import Rule, 50 C.F.R. §§ 216.3, 216.24(h)(2)(ii), that is incorporated into the Settlement Agreement (Jan. 16, 2025), ECF No. 29. But Plaintiffs' own delay has contributed to the compressed time schedule, and the Government respectfully requests that it receive the time allotted under this Court's Rules.

Judge Laroski issued the order challenged in the Motion on Friday, October 31, 2025. *See* Order of Dismissal, *Nat'l Fisheries Institute v. United States*, Case No. 1:25-cv-0223-JAL (Ct. Int'l Trade Oct. 31, 2025), ECF No. 41 (NFI Order). The Settlement Agreement filed in this action requires that the parties attempt to resolve any disputes arising under the Settlement Agreement during a period of 30 calendar days. Settlement Agreement ¶ 8. On the evening of October 31, Plaintiffs' counsel contacted undersigned counsel by email requesting to meet and confer pursuant to ¶ 8 of the Settlement Agreement. Declaration of Agatha Koprowski ¶ 2 (filed simultaneously with this Preliminary Response) [hereinafter Koprowski Decl.]. Plaintiffs' counsel asked to discuss whether the Government's actions, which resulted in the NFI Order, violated the Settlement Agreement. *Id.* ¶ 3. Accordingly, the 30-day meet and confer period required under ¶ 8 expired on Sunday, November 30, 2025.

Counsel for Plaintiffs and the Government held several virtual conferences throughout November 2025. Koprowski Decl. ¶ 3. On Tuesday, November 18, 2025, Plaintiffs' counsel informed the undersigned counsel by email that they did not believe that the parties would be able to resolve their differences through the meet and confer process as the parties appeared firm in their legal positions. *Id.* ¶ 5. At the request of undersigned counsel, counsel for the parties nonetheless met an additional time on Monday, November 24, 2025. *Id.* ¶ 6.

Plaintiffs thus expected by Tuesday, November 18, 2025, that they would likely seek the Court's intervention. But rather than promptly file on November 30, Plaintiffs waited nearly *two weeks* after the end of the ¶ 8 period to file their motion. That delay extended the default response time *past* January 1, 2026, and caused the Government's response period to include two Federal holidays. Furthermore, Plaintiffs offer no specific articulation of the basis for their request for expedited treatment. The Court should deny Plaintiffs' motion for expedited

2

treatment, which asks the Court to make up for their own unexplained delay by further shortening the Government's time to respond and the Court's time to decide the Motion.

In addition, on December 15, 2025, counsel for plaintiffs in the NFI litigation contacted the undersigned counsel by email to obtain the Government's position on an anticipated application to intervene. Koprowski Decl. ¶ 7. To advance the efficiency of these proceedings, the Court should not resolve Plaintiffs' Motion for enforcement until any application for intervention has also been resolved.

Plaintiffs' request to file a reply brief is equally unfounded. USCIT R. 7(d) provides that a "movant has 21 days after service of the response to a dispositive motion to serve a reply." However, there is no similar right of a reply to a non-dispositive motion such as this one. *Id.* *See also id.* 7(g) (defining dispositive motions).[1] Accordingly, any reply to Plaintiffs' Motion may only be filed with leave of Court. *Cf. Retamel v. U.S. Customs & Border Prot.*, 439 F.3d 1372, 1377 (Fed. Cir. 2006) ("Absent leave of the court, the trial court's rules allow reply briefs only when a dispositive motion is at issue). A reply should "aid[] the court's understanding" of an important issue, *Bridgestone Ams. Tire Operations, LLC v. United States*, 790 F. Supp. 3d 1369, 1375 (Ct. Int'l Trade 2025), and is normally accompanied by a proposed brief, *cf. Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1328 (Ct. Int'l Trade 2020) (noting the absence of a brief to aid in the Court's consideration of the request for leave to file a sur-reply).

If Plaintiffs wish to delay the Court's consideration of their motion by filing a reply after receiving the Government's as-yet-unfiled response, Plaintiffs should follow the ordinary

---

[1] To the extent that the Court views Plaintiffs' Motion as dispositive pursuant to USCIT R. 7(g), then the Government is entitled to 35 days for its response, and the appropriate response deadline should be recalculated as Friday, January 16, 2026. USCIT R. 7(d).

process of requesting leave with an explanation for why a reply brief would assist the Court and attach their proposed reply brief. The Court should not rule on the Plaintiffs' request at the present premature stage.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Plaintiffs' embedded requests to expedite treatment of the Motion and for leave to file a reply.

                                                      Respectfully Submitted,

                                                      BRETT A. SHUMATE
                                                      Assistant Attorney General

                                                      BRENNA E. JENNY
                                                      Deputy Assistant Attorney General

                                                      PATRICIA M. MCCARTHY
                                                      Director

                                                      /s/Claudia Burke
                                                      CLAUDIA BURKE
                                                      Deputy Director

| OF COUNSEL: | /s/Agatha Koprowski |
|---|---|
| MARK HODOR | AGATHA KOPROWSKI |
| Office of General Counsel | Trial Attorney |
| National Oceanic & Atmospheric Admin. | U.S. Department of Justice |
| | Civil Division |
| | P.O. Box 480, Ben Franklin Station |
| DANIEL PAISLEY | Washington, D.C. 20044 |
| Office of General Counsel | Tel: (202) 507-6081 |
| U.S. Department of the Treasury | Email: agatha.koprowski@usdoj.gov |
| | |
| ZACHARY SIMMONS | |
| Office of the Chief Counsel | |
| U.S. Customs & Border Protection | |
| | |
| December 16, 2025 | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 16th day of December, 2025, a copy of the foregoing "Defendants' Preliminary Response in Opposition to Plaintiffs' Request for Expedited Treatment and Leave to File a Reply" was filed electronically. Service upon Plaintiffs' counsel was thus effected by operation of the court's CM/ECF function.