IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> CENTER FOR BIOLOGICAL DIVERSITY, <br><br> and <br><br> ANIMAL WELFARE INSTITUTE, <br><br>     Plaintiffs, <br><br> v. <br><br> HOWARD LUTNICK, *in his official capacity as Secretary of Commerce*, <br><br> UNITED STATES DEPARTMENT OF COMMERCE, <br><br> EUGENIO PIÑEIRO SOLER, *in his official capacity as Assistant Administrator of the National Marine Fisheries Service*, <br><br> NATIONAL MARINE FISHERIES SERVICE, <br><br> SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, <br><br> UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*, <br><br> and <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br>     Defendants. | Civil Action No. 1:24-cv-00148 <br><br><br> **PLAINTIFFS' RESPONSE TO MOTION OF NATIONAL FISHERIES INSTITUTE, ET AL. TO INTERVENE AS INTERVENOR-DEFENDANTS** |

1

Plaintiffs Natural Resources Defense Council, Inc., Center for Biological Diversity, and Animal Welfare Institute (collectively, "Plaintiffs") submit the following response to the motion of National Fisheries Institute, et. al. ("NFI") to intervene as intervenor-defendants. Though Plaintiffs do not oppose NFI's motion to intervene, Plaintiffs briefly respond to some of NFI's assertions, and ask the Court (if it grants NFI's motion) to hold NFI to its promise that it will abide by existing deadlines in this matter.

NFI omits key facts in characterizing Plaintiffs' motion to enforce as a "collateral attack." *See* Motion to Intervene, ECF 42 at 1. Plaintiffs filed suit in 2024 challenging the government's failure to ban non-compliant seafood pursuant to the import provisions of the Marine Mammal Protection Act. The resulting settlement agreement, entered in January 2025, set deadlines for the government to implement import bans. In October 2025, NFI sued the government, seeking to evade those bans for certain fisheries, thereby undoing Plaintiffs' settlement as to those fisheries. *See Nat'l Fisheries Inst. v. United States*, Case No. 1:25-cv-0223-JAL (C.I.T.) (the "NFI Action"). NFI opposed Plaintiffs' motion to intervene in the case. It is NFI that seeks to undermine Plaintiffs' court-approved settlement, not the other way around.

NFI's motion to intervene here is based on the same arguments NFI opposed in Plaintiffs' motion to intervene in the NFI Action. Plaintiffs filed their motion to intervene in the NFI Action to avoid a direct tension between these two cases. In opposing Plaintiffs' motion to intervene, NFI asserted that the settlement

2

agreement between Plaintiffs and Defendants in this matter was "collateral" to its lawsuit, and that Plaintiffs' only option to seek enforcement was here, not in the NFI Action. *See* NFI Action, NFI Response in Opposition to Motion to Intervene, ECF 31 at 6 (Exhibit A). Then, NFI and Defendants entered into a stipulated settlement agreement that violates the settlement agreement in this case. NFI now seeks to intervene here because Plaintiffs' Motion to Enforce is in "direct tension" with its settlement with the government. *See* NFI Motion to Intervene, ECF 42 at 22. NFI does not acknowledge or attempt to reconcile the inconsistency between its Motion to Intervene and its filings in the NFI Action.

Plaintiffs reserve the right to fully address the factual misstatements and omissions in NFI's motion in future briefing on Plaintiffs' motion to enforce the settlement agreement.

If the Court grants NFI's motion to intervene, the Court should also require NFI to follow the existing briefing schedule and respond to Plaintiffs' motion to enforce by January 2, 2026, when Defendants' response is due. *See* Motion to Intervene, ECF 42 at 24 (stating that NFI will follow "existing briefing schedules" and not "unduly delay" resolution of the motion).

Dated:  December 29, 2025

Respectfully submitted,

/s/ Christina S. Marshall
Christina S. Marshall
cmarshall@andersonkreiger.com
Mina S. Makarious
mina@andersonkreiger.com
Sean M. Grammel
sgrammel@andersonkreiger.com
Marissa C. Grenon Gutierrez
mgrenongutierrez@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Counsel for Natural Resources Defense Council, Center for Biological Diversity and Animal Welfare Institute*

/s/ Sarah Uhlemann
Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
(206) 327-2344
suhlemann@biologicaldiversity.org

*Counsel for Center for Biological Diversity and Animal Welfare Institute*

/s/ Stephen Zak Smith
Stephen Zak Smith
Natural Resources Defense Council
544 East Main Street Unit B
Bozeman, MT 59715
(406) 556-9300
zsmith@nrdc.org

*Counsel for Natural Resources Defense Council*

4

**Certificate of Service**

    I hereby certify under penalty of perjury that on this 29th day of December 2025, a copy of the foregoing document was filed electronically. Service upon Defendants' counsel was thus effected by operation of the Court's CM/ECF system.

                                            /s/ Christina S. Marshall
                                            Christina S. Marshall