**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

NATURAL RESOURCES DEFENSE
COUNCIL, INC., et al.

          Plaintiffs,

   v.

NATIONAL MARINE FISHERIES
SERVICE, et al.

          Defendants,

NATIONAL FISHERIES INSTITUTE,
INC., et al.

          Defendant-Intervenors

Civil Action No. 1:24-cv-00148-GSK

**JOINT STATUS REPORT**

The plaintiffs Natural Resources Defense Council, Inc., et al. ("Plaintiffs"), the defendants National Marine Fisheries Service, et al. ("Defendants"), and the defendant-Intervenors National Fisheries Institute, Inc., et al. ("Defendant-Intervenors") submit the following Joint Status Report pursuant to the Court's May 12, 2026 docket entry ordering the parties to "file a Joint Status Report of no more than 2,000 words no later than May 19, 2026." Dkt. 63.

The Court held oral argument on Plaintiffs' Motion to Enforce Settlement Agreement (Dkt. 40) on March 4, 2026. On May 12, 2026, Defendants published notice of updated comparability finding determinations for the five fisheries at issue in Plaintiffs' Motion to Enforce. *See* Implementation of Fish and Fish Product Import Provisions of the Marine Mammal Protection Action Notification of Comparability Findings, 91 Fed. Reg. 25,867 (May 12, 2026). Defendants have "determined that the

1

swimming crab fisheries in Vietnam (Fishery IDs 13164, 13206, 13204, and 13205),[1] Indonesia (Fishery ID 12391), and Sri Lanka (Fishery ID 2705) are comparable in effectiveness to the U.S. regulatory program, and determined that the swimming crab fisheries in the Philippines (Fishery IDs 2129 and 2130) remain not comparable in effectiveness to the U.S. regulatory program." *Id.* at 25,868. Accordingly, "[f]ish and fish products harvested in the swimming crab fisheries in the Philippines (Fishery IDs 2129 and 2130) may no longer be imported into the United States as of June 11, 2026." *Id.*

In its order from May 12, 2026, the Court directed that the "parties should address the impact of the recent comparability findings on the case and their respective positions on how to proceed with this action, including whether any issues remain before this court for adjudication." Dkt. No. 63. The parties' respective positions are:

***Plaintiffs.*** Plaintiffs' Motion to Enforce Settlement Agreement sought to ensure Defendants' compliance with the Stipulated Settlement Agreement embodied in the Court's March 25, 2025 order, which required Defendants, *inter alia* and in accord with the Imports Rule, to issue final comparability findings for all harvesting nations and prohibit imports from harvesting nations that were denied a comparability findings. Defendants' May 12, 2026 comparability finding

---

[1] Note that in January 2026, Vietnam divided Fishery ID 2988 into four individual swimming crab fisheries based on target species and gear type. 91 Fed. Reg. 25, 868. These four fisheries were grouped as a single fishery when NMFS' September 2, 2025 comparability finding determinations were made.

determinations meet their obligation to issue final comparability findings. Defendant NMFS's May 12, 2026 notice of comparability finding determinations states that fish and fish products harvested in the swimming crab fisheries in the Philippines (Fishery IDs 2129 and 2130) for which it denied comparability findings may no longer be imported into the United States as of June 11, 2026—which is 30 days after the Federal Register publication. 91 Fed. Reg. 25,868. If Defendants ban imports from Philippines Fishery IDs 2129 and 2130 starting June 11, 2026, they will meet their obligation to prohibit imports from fisheries that were denied a comparability finding.

The May 12, 2026, comparability finding determinations and subsequent ban on imports starting June 11, 2026, will therefore moot the issues raised by Plaintiffs' Motion to Enforce. Plaintiffs maintain and reserve the right to challenge these comparability finding determinations in a separate proceeding.

***Defendants and Defendant-Intervenors.*** The Government and Defendant-Intervenors are in agreement that recent actions have rendered the Plaintiffs' Motion to Enforce the Settlement Agreement moot and that no issues remain before this Court for adjudication.

Respectfully submitted,

*/s/ Marissa C. Grenon Gutierrez*

Christina S. Marshall
cmarshall@andersonkreiger.com
Mina S. Makarious
mina@andersonkreiger.com
Sean M. Grammel
sgrammel@andersonkreiger.com
Marissa C. Grenon Gutierrez
mgrenongutierrez@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Counsel for Natural Resources Defense*
*Council, Center for Biological Diversity and*
*Animal Welfare Institute*

*/s/ Sarah Uhlemann*

Sarah Uhlemann
Center for Biological Diversity
120 State Avenue NE #268
Olympia, WA 98501
(206) 327-2344
suhlemann@biologicaldiversity.org

*Counsel for Center for Biological Diversity*
*and Animal Welfare Institute*

*/s/ Zak Smith*

Stephen Zak Smith
Natural Resources Defense Council
544 East Main Street Unit B
Bozeman, MT 59715
(406) 556-9300
zsmith@nrdc.org

*Counsel for Natural Resources Defense*
*Council*

4

Brett A. Shumate
Assistant Attorney General

*/s/Brenna E. Jenny*
Brenna E. Jenny
Deputy Assistant Attorney General

Patricia M. McCarthy
Director

Agatha Koprowski
Trial Attorney

U.S. Department of Justice Civil Division
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 507-6081
agatha.koprowski@usdoj.gov

*Attorneys for Defendants*


*/s/Rafe Petersen*
Ashley Akers
Rafe Petersen
Kamran Mohiuddin
Maggie Pahl
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Tele: 202-441-5870
Ashley.Akers@hklaw.com
Rafe.Petersen@hklaw.com
Andrew.Mcallister@hklaw.com
Kamran.Mohiuddin@hklaw.com
Maggie.Pahl@hklaw.com

*Attorneys for Applicant-Intervenor-Defendants*

**Certificate of Compliance with Word Limit**

I certify that the above document contains 577 words, not including the caption, certificates of counsel, and counsel's signature blocks, in accordance with the 2,000 word limit set in the Court's May 12, 2026 docket entry.

*/s/ Marissa C. Grenon Gutierrez*

**Certificate of Service**

I hereby certify under penalty of perjury that on this day of May 19, 2026, a copy of the foregoing document was filed electronically. Service upon Defendants' counsel was thus effected by operation of the Court's CM/ECF system.

*/s/ Marissa C. Grenon Gutierrez*

6